## Case No. 10,512.

### In re O'NEALE.

[6 N. B. R. (1873) 425.] [1]

District Court, E. D. Virginia.

BANKRUPTCY—AMOUNT DUE BY BANKRUPT AS TRUSTEE.

A was residuary legatee of B, and took the real estate subject to the payment of a certain sum to C in trust for the benefit of three of B's children, to be paid at the expiration of three years from B's death. A enjoyed the possession of this real estate some thirty years, became insolvent, was adjudicated a bankrupt in January, eighteen hundred and seventy-one, and the estate in question was sold by his assignee. C did not receive the sum which was to have been paid to him by A according to the terms of the will. On the question of distribution the court held, that A was not an express or direct trustee, and that the statutory bar was a complete defence to any claim for the amount to have been paid to C as trustee.

In bankruptcy.

UNDERWOOD, District Judge. Thomas L. O'Neale, the ancestor of Albert G. O'Neale, died in eighteen hundred and thirty-five, leaving a last will and testament, by which he devised a large estate to his widow and children, giving to the former a life estate in

[1] [Reprinted by permission.]

certain real and personal property, including slaves. To the children, four in number, he gave, under various conditions, property of different kinds. After these bequests and by another clause of his will, he declared: "I give to Albert G. O'Neale the whole balance of my estate, embracing Lindsey Hall—subject to the payment of three thousand dollars to D. W. Pitt and B. D. Pitt, in trust for the support of my son Robert Johnson O'Neale and of my daughters Mary Lindsey Andrews and Sarah J. Jones, and their children, to be paid to the said trustees at the expiration of three years from my death." The will was duly probated in the proper county. On the death of the ancestor, Albert G. O'Neale went into possession of "Lindsey Hall" under the devise to him, and has continued to occupy it to the present time, a period of more than thirty years. Sarah J. Jones, now Sarah J. Dobyns, and Albert G. O'Neale have lived in the same neighborhood during all the period. O'Neale was a man of large wealth and undoubted responsibility until the close of the war, when he became insolvent and was adjudicated a bankrupt in June, eighteen hundred and seventy-one. His estate, Lindsey Hall, was sold by his assignee, and this controversy arises on the question as to how the proceeds of that sale should be distributed.

Sarah J. Dobyns claims a prior lien for part of the money bequest of three thousand dollars, which was to have been paid to the Pitts, for the use of herself and her children. One Baylor claims priority under a judgment recovered in April, eighteen hundred and seventy, for about two thousand three hundred dollars. Smith, as guardian, claims priority under a trust deed executed March twelfth, eighteen hundred and seventy, but not recorded until May tenth, eighteen hundred and seventy, for about two thousand three hundred dollars.

It is admitted that the bequest of three thousand dollars, if treated as a right of action in suit before a court of law, is barred, more than the longest period for bringing civil actions having elapsed since the debt became due. It is also admitted the courts of equity apply the analogies of common law limitations, and will not enforce stale demands, and that no new promise has been made nor any act done to take this case out of the statute of limitations, but the claimant, Dobyns, insists that this is a trust, and that trusts are not within the statute of limitations. This general proposition is also conceded, but Smith and Baylor reply that the rule "that the statute of limitations does not apply between trustee and cestui que trust" extends only to direct or express trustees, and does not apply as between a cestui que trust and an implied trustee. There is some conflict of testimony as to whether the charge of three thousand dollars on Lindsey Hall has not been paid, but it is not necessary to consider that question now, nor to determine whether the whole or every part of the be-

quest, principal or interest, has been paid in fact to Mrs. Dobyns, or to her children, all of whom have been of age for many years, for in the view taken by the court the statutory bar is complete. It is manifest that O'Neale was not made a trustee for Mrs. Dobyns by the terms of his father's will. Pitts and Pitts were the persons in whom the trust was reposed. They were the direct trustees, made so by the act and choice of the devisor. If Albert G. O'Neale took the character of a trustee at all, it was that of an implied or resultant trustee. That character was imposed upon him either by operation of law or by matters of evidence. He was changed into a trustee, if he ever became one, by matters of evidence or construction of law. When did that relation first attach? Certainly not when he entered into possession of the property under the will, for he took the estate in his own right, nor could it attach for three years thereafter, because the charge did not become due until the expiration of that period. The answer to the question must be, that if he ever became trustee it was because Pitts and Pitts failed to act as trustees, and Mrs. Dobyns and himself dealt with the estate and with each other as though he was the trustee, but it is not material when or how he became trustee, if he took the character, not by the appointment of the will, but afterwards by matter of evidence or construction of law.

The distinction between direct and implied trustees is important, and not to be overlooked. The former enters, takes and holds the estate not in his own right, but in the right and for the benefit of another. It would be against conscience for such an one to claim, as against his cestui que trust, any title adverse to him, until by open and notorious act of disavowal the trust estate had been terminated. As between such a trustee and his cestui que trust no time runs, and the statute would not be a bar. But as between the implied trustee, he who has entered into possession of the property in his own right, and who holds for his own benefit, but whose title is subsequently by matter of evidence or construction of law, turned into that of a trustee for the use and benefit, in whole or in part, of another, time does run, and the statute of limitations does apply, and that, in the opinion of the court, is the precise relation in which Albert G. O'Neale and Mrs. Dobyns stand, if in fact he ever became her trustee at all. This distinction as to the rights of express or implied trustees under the statute of limitations, is not new in this country nor in England. It is laid down by Story (2 Story, Eq. Jur. § 1520b); Lewin, Trusts, § 774; Perry, Trusts, 778; Ellendorf v. Taylor, 10 Wheat. [23 U. S.] 168, 177; [Beaubien v. Beaubien] 23 How. [64 U. S.] 207; Decouche v. Savetier, 3 Johns. Ch. 190; Walker v. Walker, 16 Serg. & R. 379; Ang. Lim. §§ 471, 167, 178; Sheppard v. Turpin, 3 Grat. 394; Beaubien v. Beaubien, 23 How. [64 U. S.]

207; Kane v. Bloodgood, 7 Johns. Ch. 91, and very many other authorities.

The court is, therefore, of opinion that Albert G. O'Neale was not an express or direct trustee. That the statute of limitations does apply between Sarah J. Dobyns and Baylor and Smith, that this is, in fact, only a controversy between Dobyns, Baylor and Smith, rival lien holders and claimants to priority, and that both Baylor and Smith are entitled to priority over the claimant Dobyns. No opinion is, however, expressed at this time on the question of the relative rights of Baylor and Smith to priority of payment, but that question is left for future consideration.